EL PUEBLO DE PUERTO RICO, recurrido, *v.* MARIO GARCÍA COLÓN, peticionario.

*Número:* CC-2009-0912        *Resuelto:* 26 de agosto de 2011

*Martín G. González Vélez* y *Martín González Vázquez*, abogados del peticionario; *Reinaldo Camps del Valle*, procurador general auxiliar, y *Zaira Z. Girón Anadón*, subprocuradora general, abogados de la parte recurrida.

SALA DE VERANO integrada por el JUEZ PRESIDENTE SEÑOR HERNÁNDEZ DENTON y los JUECES ASOCIADOS SEÑORES MARTÍNEZ TORRES, KOLTHOFF CARABALLO y ESTRELLA MARTÍNEZ.

## RESOLUCIÓN

A la moción de reconsideración del peticionario Mario García Colón, *"no ha lugar"*.

Como institución de la Rama Judicial del Gobierno, este Tribunal le da la bienvenida a la fiscalización pública y a la crítica vigorosa y libre de sus decisiones. Claro está, nuestra función constitucional es resolver los casos ante nuestra consideración "de forma independiente, partiendo de una comprensión cuidadosa y consciente de la ley, libre de cualquier influencia ajena, de instigaciones, presiones, amenazas o interferencias, ya sean directas o indirectas, provenientes de cualquier fuente o por cualquier razón". Canon 8 de Ética Judicial, 4 L.P.R.A. Ap. IV-B. Todos los integrantes de este Tribunal resolvemos conforme a lo que nuestras conciencias identifican como el derecho aplicable a los hechos del caso y no "por el clamor público, por consideraciones de popularidad o notoriedad, o por motivaciones impropias". Íd.

Para la tranquilidad de nuestro Pueblo, es menester dejar el expediente claro al reafirmar nuestro dictamen en este caso. Conocemos el problema que representan las dilaciones injustificadas de las causas criminales en nuestros

tribunales. Ahora bien, como señalamos en nuestra opinión de 9 de junio de 2011, en este caso hubo justa causa para la presentación tardía de las denuncias porque "[l]a prueba refleja que el sargento [Pedro] Pagán Matos realizó gestiones afirmativas para concretar una fecha en la cual pudiera presentar las denuncias, pero sus esfuerzos resultaron infructuosos debido —en mayor parte— a la renuencia mostrada por el abogado del peticionario". *Pueblo v. García Colón I*, 182 D.P.R. 129, 166 (2011). Esos esfuerzos se detallan en la referida opinión.

A pesar de las gestiones que se realizaron, los obstáculos prosiguieron aun después de que el sargento intentó fijar una fecha al reintegrarse a sus labores, después de una intervención quirúrgica a la que fue sometido. Concluimos en nuestra opinión y reafirmamos ahora que la "actuación reiterada de la defensa en eludir la concretización de una fecha para presentar las denuncias, fue la razón principal de la dilación en el procesamiento criminal de autos". *Pueblo v. García Colón I*, supra, pág. 167. Ante esa realidad y la enfermedad del funcionario idóneo para presentar las denuncias, fue que concluimos que el Tribunal de Primera Instancia no abusó de su discreción al negarse a desestimar las denuncias por la violación alegada de la Regla 64(n)(2) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

*Publíquese.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente Señor Hernández Denton se reafirma en lo que expuso en su opinión disidente y concurrente en este caso y, por ende, reconsideraría el caso en sus méritos.

*(Fdo.)* Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*